```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
INGENIERIA ESTERELLA, S.A.,

                    Plaintiff,

          -against-                              MEMORANDUM & ORDER
                                                 14-CV-1463(JS)(AYS)
PATRICK MORISSEAU and
LETRANSPORTEUR LLC,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Bertrand Rolf Madsen, Esq.
                    Madsen Law P.C.
                    1115 Broadway, 11th Floor
                    New York, NY 10010

For Defendants:     Christopher Rocco Nolan, Esq.
                    Kathryn Blythe Daly, Esq.
                    Tiana Melisse Stephens, Esq.
                    Holland & Knight LLP
                    195 Broadway
                    New York, NY 10007
```

SEYBERT, District Judge:

Pending before the Court is plaintiff's motion for sanctions (Docket Entry 17), Magistrate Judge Ann Y. Shields' Report and Recommendation ("R&R") recommending that the motion be denied (Docket Entry 34), and plaintiff Ingenieria Estrella, S.A.'s ("Plaintiff") objections to Judge Shields' R&R (Docket Entry 35). For the following reasons, the Court MODIFIES Judge Shields' R&R in part and ADOPTS it in part.

BACKGROUND[1]

Plaintiff is an international engineering and construction company headquartered in the Dominican Republic. (See Compl. ¶¶ 1, 7.) Defendant Patrick Morisseau ("Morisseau") and defendant Letransporteur LLC ("Letransporteur" and together with Morisseau, "Defendants") are the owners and operators of the website www.touthaiti.com (the "Website"), which publishes information directed to Haitians living in Haiti and abroad. (Compl. ¶ 8.) Plaintiff claims in the Complaint that Defendants published an article on January 16, 2014 containing defamatory information about Plaintiff's business dealings in Haiti. (Compl. ¶¶ 9, 11.)

The parties agreed to a discovery schedule on July 3, 2014. It is undisputed that Defendants did not comply with the schedule and were dilatory with respect to their discovery obligations. (See Mason Decl., Docket Entry 19, ¶¶ 1-6.) Specifically, Defendants did not serve their initial disclosures and did not respond to Plaintiff's document requests or interrogatories. (Mason Decl. ¶¶ 1-6.) Defendants then violated a Court order requiring them to serve their outstanding discovery disclosures and responses on or before October 20, 2014. (Mason

---

[1] The following facts are taken both from the Complaint and from documents submitted in connection with Plaintiff's motion for sanctions. The facts contained within the Complaint are presumed to be true for purposes of this Order.

Decl. ¶¶ 7-8.)  During this time, Defendants' counsel did not respond to Plaintiff's counsel's numerous phone calls and emails. (Mason Decl. ¶¶ 9-10.)

On October 29, 2014, Plaintiff filed a motion for sanctions, seeking to strike Defendants' Answer and enter a default judgment.  (Docket Entry 17.)  On February 27, 2015, the undersigned referred Plaintiff's motion to Magistrate Judge Shields for an R&R on whether the motion should be granted. (Docket Entry 25.)  To date, it appears Defendants still have not provided any discovery.  In March 2015, however, Defendants engaged new pro bono counsel who filed an opposition to Plaintiff's motion and claim they are ready and willing to provide discovery and participate in this case going forward.  Both parties' counsel blame much of Defendants' nonfeasance on Defendants' former attorney.  (Defs.' Opp. Strike, Docket Entry 28, at 1; see generally Madsen Decl., Docket Entry 19.)

On April 15, 2015, Judge Shields issued her R&R recommending that the Court deny Plaintiff's motion for sanctions (Docket Entry 34.)  Judge Shields reasoned that, instead of striking Defendants' Answer, it would be "more desirable to allow new counsel to represent Defendants and [to] allow this case to be determine on the merits."  (R&R at 4.)  Judge Shields did not recommend that Defendants or their former counsel reimburse Plaintiff for any expenses incurred in connection with Defendants'

3

actions or the sanctions motion.

Plaintiff filed objections to Judge Shields' R&R on April 28, 2015. (Objections, Docket Entry 35.) Plaintiff argues: (1) that Judge Shields erred by not considering lesser sanctions or awarding reasonable expenses for Defendants' discovery violations, and (2) that the R&R contains both factual and legal errors. (Objections at 3-7.)

## DISCUSSION

The Court will first address the standard of review before turning to Plaintiff's objections specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the

specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Rule 37 Sanctions

Plaintiff argues that Judge Shields erred by (1) not considering whether lesser sanctions were appropriate and (2) failed to award Plaintiff reasonable expenses under Federal Rule of Civil Procedure 37(b)(2)(C). (Objections at 4.)

5

A.  Lesser Sanctions

Judge Shields' reasoned that neither a default judgment--nor any other sanction--was called for here because Defendants' new attorneys are ready and willing to litigate this dispute within the deadlines imposed by the Court. (R&R at 4.) A judge's decision to award sanctions is discretionary. Mahoney v. Keyspan Corp., No. 04-CV-0554, 2007 WL 1651853, at *1 (E.D.N.Y. June 6, 2007) ("the Second Circuit has viewed the imposition of sanctions as discretionary"). The Court finds Plaintiff's argument that Judge Shields did not consider lesser sanctions, beyond the issuance of a default judgment, is merely an attempt re-litigate the primary issue Judge Shields analyzed and opined upon in her R&R. Judge Shields' determination regarding whether to award sanctions is well-reasoned and free from clear error. If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Thus, Plaintiff's objection that Judge Shields failed to consider lesser sanctions is OVERRULED.

B.  Reasonable Expenses

Federal Rule of Civil Procedure 37(b)(2)(A) allows a court to impose sanctions on a party that disobeys discovery orders. The Court may, in its discretion, impose one of seven

sanctions outlined in Rule 37(b)(2)(A) upon a disobedient party. In addition, Federal Rule of Civil Procedure 37(b)(2)(C) provides that instead of or in addition to imposing sanctions for a party's failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C) (emphasis added). Although the Second Circuit has never explicitly held that the payment of expenses pursuant to Rule 37(b)(2)(C) is mandatory, the burden is on the violator to show that there was a substantial justification for the violation, or that circumstances would make it unjust to award reasonable expenses to the moving party. See Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008) ("The use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions--substantial justification or other circumstance--applies."); Commodity Futures Trading Comm'n v. Royal Bank of Canada, No. 12-CV-2497, 2014 WL 1259773, at *1 (S.D.N.Y. Mar. 28, 2014) (explaining that the court is not required to consider "the willfulness of [the disobedient party's] conduct" when awarding expenses under Rule 37(b)(2)(C)).

Although, the R&R lists Defendants' various discovery failures, including Defendants' failure to comply with a Court

Order, the R&R is silent about awarding reasonable expenses to the Plaintiff. Defendants argue that the R&R awarding any money to Plaintiff would be inappropriate because "Defendants were not willfully or even knowingly shirking their discovery obligations." (Defs.' Response Br., Docket Entry 37, at 5.) However, Defendants' mental state is irrelevant. Defendants have not shown that their discovery failures were either substantially justified, or that circumstances would make an award of expenses unjust. See Bowne of N.Y. City, Inc. v. AmBase Corp., 161 F.R.D. 258, 265 (S.D.N.Y. 1995) ("When a dispute involves differing interpretations of the governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law.") This case has been pending for more than a year and a half, and in all that time Defendants have not provided any discovery. Defendants have not provided any excuse for this conduct, beyond their claim that their lawyer was ineffective.

Nevertheless, both parties agree that Defendants' prior counsel was primarily to blame for neglecting this case and failing to respond to discovery requests. Defendants' prior attorney, rather than Defendants, should therefore be held accountable for the reasonable expenses incurred as a result of his failure to defend this case. See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 160 (2d Cir. 2012) ("When an attorney's misconduct or failing does not involve an attempt to

8

place the other side at an unfair disadvantage, any sanction should ordinarily be directed against the attorney rather than the party, absent strong justification."); In re Men's Sportswear, Inc., 834 F.2d 1134, 1139 (2d Cir. 1987) (explaining that it would be appropriate to levy sanctions against a party's prior counsel when it is clear that the party "was an innocent victim whose case was being mishandled by counsel"); Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 368-69 (E.D.N.Y. 2013) (sanctioning plaintiff's counsel for failing to comply with multiple court orders regarding discovery). Here, although Defendants are not entirely without fault, they eventually fired their prior attorney and successfully secured pro bono counsel, who appear willing to participate in the discovery process. Therefore, Plaintiff's counsel may submit a short letter motion seeking reimbursement of reasonable expenses from Defendants' prior counsel. The motion shall attach as exhibits documents detailing the expenses Plaintiffs incurred that resulted from Defendants' prior attorney's misconduct. The Court will then make a determination as to the reasonableness of the expenses.[2]

---

[2] Defendants' prior attorney, Andre Ramon Soleil, had both notice of Plaintiff's sanctions motion and an opportunity to be heard on the motion. See United Auto., Aerospace & Agric. Implement Workers of Am., Local 33 v. R.E. Dietz Co., 996 F.2d 592, 598 (2d Cir. 1993). Plaintiff's motion to strike, (Docket Entry 17), was filed on October 29, 2014, four months before Mr. Soleil was relieved as counsel; yet he never responded to the motion. Nevertheless, if Plaintiff chooses to seek expenses from Mr. Soleil, Plaintiff must

III. Claimed Factual and Legal Errors

Plaintiff asserts that the R&R is legally and factually flawed because: (1) Judge Shields stated in the R&R that Defendants only violated "one court order," when in fact they violated more than one, and (2) the R&R did not follow the principle of law that the client is responsible for the actions of his attorney (Objections at 6-7.) Both of Plaintiff's arguments must be rejected.

Judge Shields reasoned in her R&R that the sanction of dismissal was too harsh because:

> although Defendants have delayed this case by failing to respond to one court order . . . Defendants have not repeatedly violated this Court's orders and any order earlier violated was under the representation of counsel who are no longer involved in this case. New counsel represents that they are ready, willing and able to actively participate in this case. It is certainly more desirable to allow new counsel to represent Defendants and allow this case to be determined on the merits, then to allow Plaintiffs to obtain a default judgment . . . .

(R&R at 4.) Plaintiffs claim that Defendants violated multiple court orders and specifically cite to a list of Federal Rules of Civil Procedure, along with a scheduling order, that were not adhered to. (Objections at 6.) However, Judge Shields' R&R

---

serve him with both this Court's Order and the supplemental motion seeking expenses.

provides a summary of all of Defendants' bad conduct within the procedural history section of her R&R.  It is thus clear that Judge Shields considered the fact that Defendants disregarded numerous Federal Rules of Civil Procedure and the Court's orders.

Plaintiff also asserts that Judge Shields' recommendation not to award sanctions runs contrary to the generally accepted legal principle that a client must be held responsible for the actions of his attorney. (Objections at 7.) While it is true that an attorney is the client's agent, and the court has the power to sanction the client for its attorney's bad conduct, there are exceptions.  In fact, Federal Rule of Civil Procedure 37(b)(2)(C) explicitly allows the court to punish a disobedient party's attorney for discovery violations by making him pay the reasonable expenses caused by those violations.

Plaintiff's objections concerning alleged factual and legal errors in the R&R are therefore OVERRULED.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

Judge Shield's R&R (Docket Entry 34) is ADOPTED in part and MODIFIED in Part. Judge Shield's R&R is MODIFIED only to the extent that Plaintiff is granted permission to submit a letter motion detailing the reasonable expenses it contends should be paid by Defendants' prior counsel. If Plaintiff chooses to do so, Plaintiff is directed to serve a copy of his letter motion on Defendants' prior counsel, together with a copy of this Order, and file proof of service on the docket. The balance of Judge Shield's R&R is ADOPTED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __30__, 2015
Central Islip, New York